UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ANALINA APONTE-IRIZARRY, et al.,

Plaintiffs,

v.

HOSPITAL DAMAS, INC., et al.,

Defendants.

Civil No. 09-1129 (JAF)

**OPINION AND ORDER**

Plaintiffs, Analina, Dora, Denise, Carlos, and Justo Aponte-Irizarry, bring this action under the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd, against Defendants, Hospital Damas, Inc. ("Hospital"); Fundación Damas, Inc.; Amedée Lefebre-Fernández, his wife Jane Doe, and their conjugal partnership; Lefebre-Fernández' insurer; and various unknown parties. (Docket No. 1.) Plaintiffs also bring pendent claims under Articles 1802 and 1804 of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 5141–5142 (1990). (Id.) Hospital and Fundación Damas ("Movants") move to dismiss. (Docket No. 21.) Plaintiffs amend their complaint[1] (Docket Nos. 6, 28) and oppose Movants' motion to dismiss (Docket No. 34). Movants reply to Plaintiffs' opposition (Docket No. 40), and Plaintiffs surreply (Docket No. 41).

---

[1] Although Plaintiffs' second amendment of their complaint followed Movants' motion, the only change to the complaint was the substitution of Triple S, Inc. for SIMED as Dr. Lefebre-Fernández' insurer.

Civil No. 09-1129                                                                                           -2-

## I.

## **Factual and Procedural Summary**

We derive the following summary from Plaintiffs' complaint (Docket No. 28); Analina Aponte-Irizarry's declaration under penalty of perjury (Docket No. 34-2); Movants' motion to dismiss (Docket No. 21); Plaintiffs' opposition to the motion to dismiss (Docket No. 34) and accompanying exhibits (Docket No. 42); Movants' reply (Docket No. 40); and Plaintiffs' surreply (Docket No. 41).

In February 2008, Luis Aponte-Santiago was treated for chest pains by Hospital in Ponce, Puerto Rico, where he received a cardiac catheterization and a revascularization. On the night of March 12, 2008, Aponte-Santiago was taken to Hospital's emergency room, where he was examined by a physician and discharged early the next morning. On the following night, March 13, Aponte-Santiago again was taken to the emergency room. He stayed in the emergency room overnight, was transferred to a cardiac area of Hospital the following morning, and was finally brought to the Surgery Intensive Care Unit at 2:30 that afternoon. Aponte-Santiago died at 3:30 p.m. on March 14, 2008.

Aponte-Santiago's medical file contains three one-page documents entitled "Agreement to Select Forum for Judicial Claims" and dated March 12, 13, and 14, 2008.[2] Each document purports to bind the signatory to litigate all potential tort claims arising from Hospital's services

---

[2] A fourth agreement dated February 12, 2008 was submitted, in its original Spanish, by Defendants on the condition that a certified translation be submitted by August 3, 2009. Such translation was never received and we, therefore, do not consider it in our analysis.

Civil No. 09-1129                                                                                                          -3-

exclusively in Puerto Rico's Court of First Instance. Analina Aponte-Irizarry attests in her sworn statement that the documents dated March 12 and 13 were handed to her in the emergency room and signed by her without first consulting with her father. She further attests that the third document, dated March 14 and appearing to bear Aponte-Santiago's signature, was actually signed by her after she was told to write her father's name on the form. Analina maintains that this document, like the previous two, was not discussed with her father.

Plaintiffs, the children of Aponte-Santiago, filed the present case on February 11, 2009. (Docket No. 1.) Movants filed this motion to dismiss. (Docket No. 21.) An opposition, reply, and surreply followed. (Docket Nos. 34; 40; 41.) Finding that matters outside the pleadings were necessary to consider, we notified the parties that we would treat the motion to dismiss as a summary judgment motion, and we ordered the parties to submit any additional evidence by March 26, 2010. (Docket No. 45.) Plaintiffs submitted a motion incorporating their previous arguments, while Movants submitted nothing.

## II.

### Summary Judgment Standard

In the First Circuit, motions to dismiss based on forum-selection clauses are treated as motions under Federal Rule of Civil Procedure 12(b)(6). Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009). But where matters outside the pleadings are considered, "the motion must be decided under the more stringent standards applicable to a Rule 56 motion

Civil No. 09-1129                                                                                                          -4-

for summary judgment. Id. (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008); see also Fed. R. Civ. P. 12(d).

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

### **Analysis**

Because both sides argue factual matters outside the pleadings, specifically whether a contract was formed, we resort to Federal Rule of Civil Procedure 12(d) and judge the motion at bar under the Rule 56 summary judgment standard.

A forum-selection clause is considered valid on its face and should be enforced unless a party can show that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum." Rivera, 575 F.3d at 18 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).

In the present case, Plaintiffs argue that Aponte-Santiago never knew of the forum-selection agreement and never signed it. They also contend that the forum-selection agreement does not stipulate that the patient is somehow incapacitated or otherwise unable to sign the document himself. Movants respond that the second paragraph of the forum-selection agreement's switch from the first-person singular to the first-person plural "clearly refers not only to the patient himself but also to their [sic] family members." (Docket No. 40 at 2; see also Docket No. 42.) Movants also argue that the forum-selection agreements signed by Analina are binding against both her and her family because their cause of action is derived of their father's claim and should be litigated in the forum to which their father agreed. (Docket No. 40 at 6 (citing Mendez Matos v. Municipio de Guaynabo, 557 F.3d 36 (1st Cir. 2009).)

Civil No. 09-1129 -6-

The forum-selection agreement states: "[I]n the eventuality that either by act or omission, I consider that physical, emotional or economic damages have been caused to me, I expressly and freely agree to submit myself to the jurisdiction of the First Instance Court of the Commonwealth of Puerto Rico." (Docket No. 42.) The remaining two paragraphs inexplicably switch to the collective "we," as Movants point out, but there is never any clause specifying that the patient waives all rights of his heirs or assignees to pursue his claims in federal court. Nor is there any stipulation that a relative is signing on the patient's behalf because the patient is physically or mentally unable to sign the forms or that the relative otherwise has authority to make such a decision for the patient.

We agree with Movants that Plaintiffs' EMTALA claims are derivative.[3] Movants' conclusion that Aponte-Santiago's survivors must, therefore, litigate their EMTALA claim in Puerto Rico courts, however, skips a logical step. We must first find that the party from whom the claim derives, Aponte-Santiago, entered into a forum-selection agreement.

Despite our request that Movants provide us with more information regarding the consent forms or other contracts that this agreement may have been part of, see Rivera, 575 F.3d at 17

---

[3] No independent claims exist for survivors of patients with valid EMTALA claims; rather, survivor claims are derivative. See Correa v. Hosp. San Francisco, 69 F.3d 1184, 1196–97 (1st Cir. 1995) (noting that those generally able to bring survivor actions under local law may bring an EMTALA action if decedent's rights were violated under EMTALA); Malave Sastre v. Hosp. Doctor's Ctr., Inc., 93 F. Supp. 2d 105, 111 (D.P.R. 2000) (reviewing the legislative history of EMTALA and concluding that 42 U.S.C. 1395dd(d)(2) creates a cause of action only for patients, though survivors may be entitled to damages through survivor suits as authorized under state); Alvarez-Pumarejo v. Municipality of San Juan, 972 F. Supp. 86 (D.P.R. 1997) (finding that EMTALA's language "restricts recovery to the patient" but does not preclude heirs from inheriting the cause of action).

Civil No. 09-1129                                                                                                       -7-

(admonishing courts against the "balkanization of contracts for interpretive purposes"), and our allowance of ample time to respond (see Docket Nos. 44; 45), Movants have not submitted any additional documentation. The evidentiary record before us, therefore, consists only of three self-contained forum-selection agreements and Analina's affidavit. These documents do not demonstrate the existence of a valid agreement between Aponte-Santiago and Hospital. Nor can we conclude that Analina had authority to sign a forum-selection agreement for her father.

Therefore, we conclude that a genuine issue of material fact exists as to whether Aponte-Santiago, or someone authorized to do so on his behalf, assented to the three iterations of the Agreement to Select Forum for Judicial Claims (Docket No. 42), thereby creating an enforceable contract to pursue litigation only in Puerto Rico's Court of First Instance. See Recupero v. New Eng. Tel. & Tel. Co., 118 F.3d 820, 839 ("If a genuine dispute exists regarding existence of a contract, ordinarily that issue 'is a question of fact, for the jury . . . .'").

## IV.
## **Conclusion**

We hereby **DENY** Movants' motion to dismiss (Docket No. 21).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of March, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge